UNITED STATES DISTRICT COURT  C/M
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------- X
ERWIN JACKSON,

**MEMORANDUM DECISION AND ORDER**

Petitioner,

23-cv-2372 (BMC)

- against -

STATE OF NEW YORK,

Respondent.
----------------------------------------------------------- X

**COGAN**, District Judge.

Petitioner is a serial litigant who has filed at least nine prior habeas or habeas-related proceedings in this Court, as well as appeals and motions for leave to file second or successive petitions in the Circuit, all of which have been denied.[1] These proceedings sought to vacate his state court 2005 conviction for multiple bank robberies. This time, he brings what he has styled as a petition for a writ of *coram nobis*. Like his prior proceedings, this one challenges the same conviction, but on a new ground.

---

[1] The prior proceedings are: (1) 2:12-cv-00202-BMC; (2) 2:13-cv-01744-SJF; (3) 2:13-cv-01745-SJF-AKT; (4) 2:15-cv-00177-RPK; (5) 2:15-cv-04865-SJF-AKT; (6) 2:15-cv-07218-SJF-AKT; (7) 2:21-cv-05318-RPK-SIL; (8) 2:22-cv-00583-BMC; (9) 2:22-cv-07396-BMC.

Jackson has a long history of serial filings in this district. See, e.g., (10) 9:88-cv-03333-JM; (11) 9:91-cv-1450-JM; (12) 9:92-cv-05009-JM; (13) 9:93-cv-00360-JM; (14) 9:93-cv-2604-JM; (15) 9:93-cv-03652-JM-MLO; (16) 9:95-cv-02023-JM; (17) 9:00-cv-02290-JM; (18) 2:01-cv-07711-ADS-MLO; (19) 01-cv-08155-ADS-MLO; (20) 2:06-cv-00040-ADS-AKT; (21) 2:06-cv-00777-MKB-AKT; (22) 2:07-cv-00245-JFB-AKT.

So too in other districts. See, e.g., (23) 6:88-cv-00264-HGM-RWS (N.D.N.Y.); (24) 6:88-cv-00265-RWS (N.D.N.Y.); (25) 1:92-cv-03405-LAP (S.D.N.Y.); (26) 96-cv-01865-NAM-GS (N.D.N.Y.); (27) 9:09-cv-00294-FJS-DRH (N.D.N.Y.); (28) 1:00-cv-02590-TPG (S.D.N.Y.); (29) 1:11-cv-00914-JJM (W.D.N.Y.); (30) 13-cv-00200-HKS (W.D.N.Y.); (31) 13-cv-00201-HKS (W.D.N.Y.); (32) 9:14-cv-00776-DNH-ATB (N.D.N.Y.); (33) 1:17-cv-1882-CM (S.D.N.Y); (34) 9:19-cv-01162-BKS-DEP (N.D.N.Y.); (35) 1:22-cv-00666-LJV (W.D.N.Y.).

This is not a *coram nobis* proceeding. It is a subsequent habeas proceeding. It challenges the same conviction petitioner has always challenged (and which became final long ago) but offers a new legal theory based on the following syllogism: (1) he robbed only federally insured banks; (2) only the federal government, not the state government, can prosecute robberies of federally insured banks; (3) as a result, the state court "lacked jurisdiction" to prosecute him; and (4) because federal habeas corpus is not available to challenge a conviction on the basis of lack of jurisdiction, his only remedy is *coram nobis*.

His first proposition may be right, but everything else is wrong. Without getting to the merits of his argument, it suffices to note that a state court's lack of jurisdiction is well within federal habeas corpus review. See Hoffler v. Bezio, 726 F.3d 144, 159 (2d Cir. 2013). Most circuits to decide the question have held that a failure of jurisdiction in the convicting court violates the Due Process Clause of the Fourteenth Amendment. See Yellowbear v. Wyoming Atty. Gen., 525 F.3d 921, 924 (10th Cir. 2008) ("Absence of jurisdiction in the convicting court is indeed a basis for federal habeas corpus relief cognizable under the due process clause."); see also Evans v. Cain, 577 F.3d 620, 624 (5th Cir. 2009) (same); Martin v. Solem, 801 F.2d 324, 331 (8th Cir. 1986) (same); but cf. Hernandez v. Ylst, 930 F.2d 714, 719 (9th Cir. 1991) ("We are not persuaded that a constitutional violation necessarily occurs when the convicting state court acts without jurisdiction purely as a matter of state law."). If petitioner's conviction is constitutionally invalid for lack of jurisdiction, he could have raised that argument in his original petition. 28 U.S.C.A. § 2254(a). Petitioner is still in custody (and will be for more than the next twenty-five years), so he remains eligible for federal habeas corpus relief. *Coram nobis* cannot be used to circumvent the second and successive restriction under 28 U.S.C. § 2244. See Ortiz v. New York, 75 F. App'x 14, 17 (2d Cir. 2003).

The Court is required to order the transfer of this second and successive petition to the Second Circuit so that the Circuit can determine whether to grant leave to proceed.  See Liriano v. United States, 95 F.3d 119, 123 (2d Cir. 1996).[2]  The Clerk of Court is therefore directed to do so.

**SO ORDERED.**

*Brian M. Cogan*
_____
U.S.D.J.

Dated: Brooklyn, New York
April 27, 2023

---

[2] At about the same time he filed this purported *coram nobis* proceeding, petitioner also brought a purported petition for relief under 28 U.S.C. § 2241 in the Western District of New York based on the same legal theory as in this case. The Western District of New York transferred it to this district, and this Court is re-transferring it to the Court of Appeals by separate order.